Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSALIND BROWN,<br><br>            Plaintiff,<br><br>    vs.<br><br>RESORTSTAY INTERNATIONAL, LLC,  a Nevada Limited Liability Company; STARPOINT RESORT GROUP, INC., A Nevada Corporation,<br><br>            Defendant. | CASE NO.<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT<br><br>2. GENDER/SEX DISCRIMINATION IN VIOLATION TITLE VII OF THE CIVIL RIGHTS ACT OF 1964<br><br>JURY DEMAND |

Plaintiff ROSALIND BROWN (hereinafter collectively "Plaintiff" or "Brown") alleges as follows:

**JURISDICTION AND VENUE**

1.	This action is brought pursuant Age Discrimination in Employment Act of 1967, *29 USC §621, et seq.* (hereinafter "ADEA") and Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII").

1

2. Jurisdiction is predicated on the ADEA and Title VII code sections referenced above as well as *28 USC §1331*, as this action involves a federal question.

3. At all relevant times, Defendants RESORTSTAY INTERNATIONAL, LLC, a Nevada Limited Liability Company and STARPOINT RESORT GROUP, INC., a Nevada Corporation (hereinafter "Defendant" or "Resortstay") employed 20 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADEA and Title VII.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Brown, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant.

7. Defendant is an employer within the meaning of sections *623 and 630(b)* of the ADEA and *42 USC §2000e(b).*

## EXHAUSTION OF REMEDIES

8. Plaintiff timely filed a "Charge of Discrimination" with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC") and a Notice of Right to Sue was issued on September 1, 2016, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

9. On or about September 12, 2008, Plaintiff was hired by Defendant as Marketing Manager to start up the Owner Education Department which was set up to try to get existing time share owners to buy more time shares.

10.     By all accounts Brown was very good at her job, always produced at a very high level and never received any write-ups or disciplinary actions during her employment with Defendant.

11.     In April of 2015, Resortstay hired Jim Danz as their Chief Operating Officer. Danz who was in his 40s, took a disliking to Plaintiff from the "get go".

12.     He would berate and scream at Plaintiff during meetings.

13.     During a meeting in May of 2015, Robert Duncan and Richard and Frank Braglia witnessed Danz yell and scream at Brown for no reason.

14.     Danz's mistreatment of Plaintiff was so apparent that after the meeting both Richard and Frank Braglia told Brown that she should report Danz's conduct to Human Resources. Duncan on the other hand told Plaintiff that he thought that if Brown reported Danz's conduct to Human Resources that she would be fired.

15.     Ultimately, Plaintiff did not report Danz to Human Resources but just continued to put up with his abusive and harassing behavior.

16.     Then on June 12, 2015, Danz met with Brown to inform her that she was being passed over for a promotion to a Directorship position in favor of another Marketing Manager by the name of Seung Ye who was in his early 40s but who had been a Marketing Manager with the company for a much shorter time than Plaintiff.

17.     In addition Ye's work production numbers were less than Brown's. In fact Danz even told Plaintiff when he informed her that Ye was getting the promotion, that her "numbers were great".

18.     After her meeting with Danz, Brown spoke with Lead Generation Manager John Montello (also in his 40s) in the parking lot, who also told Plaintiff her numbers were great. When Brown responded to Montello by saying that she thought she was being passed over for Directorship because of her age, Montello abruptly ended the conversation and went back inside the office.

19. Ye was terminated shortly after he was promoted because he failed to meet his production numbers.

20. Danz also informed Plaintiff after he had promoted Ye to a Directorship over her, that he was going to hire another Director from outside the company who was going to be over her and she was going to have to train this new individual.

21. Further Brown was the only manager in the Marketing Department who did not have their own office or was issued a company cell phone.

22. Finally in August of 2015, Defendant hired Brad Benson as Vice President of Marketing. In a meeting with Plaintiff shortly after he was hired, Benson asked Plaintiff how old she was. When Brown refused to answer the question because she did not think it was a proper inquiry, Benson volunteered that he was 61 years old and asked Plaintiff if she was about that age. Brown still refused to answer the question because of its improper nature.

23. Shortly after this meeting with Benson, Plaintiff was terminated on September 4, 2015. No reason was given for her discharge.

## FIRST CAUSE OF ACTION

### (By Plaintiff for Age Discrimination, Harassment and Retaliation in Violation of the ADEA)

24. Plaintiff incorporates the allegation set forth in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. This cause of action is brought pursuant to ADEA as it involves a claim by Plaintiff for Age Discrimination which is governed by ADEA.

26. Brown was born on October 7, 1942 and was 72 years old when she was terminated on September 4, 2015 and she is currently 74 years old.

27. As set forth above, Plaintiff was performing her job at a high level, was told by more than one of her superiors that her production numbers were great, was never disciplined for any reason during her employment with Defendant and then was abruptly terminated on

September 4, 2015 with no reason given for the discharge.

28. As further set forth above, Brown was repeatedly screamed at and berated in meetings and generally harassed by COO Danz since his hire in April of 2015. Further Danz promoted a substantially younger employee (ie. Ye) to a Directorship over Plaintiff, even though Ye had been a Marketing Manager with the company for a far shorter period of time than Brown and was equally or lesser qualified for the Directorship position.

29. Finally VP Benson inappropriately asked Brown for her age in a meeting the two had in August of 2015.

30. Thus Plaintiff was discriminated against, harassed and retaliated against because of her age in violation of the ADEA.

31. As a direct, foreseeable, and legal result of Defendant's age discrimination, harassment and retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

32. The age discrimination, harassment and retaliation by Defendant was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b).*

33. As a further direct, foreseeable, and legal result of the Defendant's age discrimination, harassment and retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

34. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

35. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

36. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Sex/Gender Discrimination, Harassment and Retaliation in Violation of Title VII)

37. Plaintiff incorporates the allegation set forth in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for sex/gender discrimination which is governed by Title VII.

39. As set forth above, Brown was the only female in essentially an all-male Marketing Department management team. Further she was passed over for a promotion to a Directorship in favor of a male (ie. Ye), who had been a Marketing Manager with the company for a far shorter period of time than Plaintiff and had equally or lesser qualification for the Directorship position.

40. Thus Plaintiff was discriminated against, harassed and retaliated against because of her sex/gender in violation of the Title VII.

41. As a direct, foreseeable, and legal result of Defendant's sex/gender discrimination, harassment and retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

42. As a further direct, foreseeable, and legal result of Defendant's sex/gender discrimination, harassment and retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not

fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

43. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

44. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

45. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant Resortstay as follows:

1. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2. For liquidated damages under the ADEA as an additional amount equal to the sum of actual damages and interest;

3. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

4. For punitive damages;

5. For attorney's fees and costs in an amount determined by the court to be reasonable;

6. For pre-judgment interest on all damages; and

7. For any other and further relief that the Court considers proper.

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury in this action.

DATED: 11/30/2016                LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/Michael P. Balaban
    Michael P. Balaban
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Rosalind Brown<br>P.O. Box 31293<br>Las Vegas, NV 89173 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2015-01508 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_(signature)_                                September 1, 2016

Rosa M. Viramontes,
District Director

Enclosures(s)                                (Date Mailed)

cc:  Darren Horvath                          Michael P. Balaban, Esq.
     V.P. - Legal Affairs                    LAW OFFICES OF MICHAEL P. BALABAN
     RESORTSTAY INTERNATIONAL, LLC           10726 Del Rudini Street
     P.O. Box 231300                         Las Vegas, NV 89141
     Las Vegas, NV 89105